# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN KEVIN DUMLAO, | 1:08-cv-01142-LJO-SMS (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| v. | |
| | [Doc. 25] |
| HEDGPETH, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

RELEVANT HISTORY

On July 6, 2005, Petitioner appeared before the Board for a parole consideration hearing. The Board found that Petitioner was unsuitable for parole.

On November 4, 2005, Petitioner filed a petition for writ of habeas corpus in the Imperial County Superior Court challenging the Board's decision. (Exhibit A, to Motion.) On December 27, 2006, the petition was transferred to the Alameda County Superior Court for further proceedings. (Exhibit B, to Motion.) On February 13, 2007, the petition was denied. (Exhibit C, to Motion.)

On April 16, 2007, Petitioner filed an original petition for writ of habeas corpus in the California Court of Appeal, Fifth Appellate District. (Exhibit D, to Motion.) The petition was summarily denied. (Exhibit E, to Motion.)

On August 9, 2007, Petitioner filed an original petition for writ of habeas corpus in the California Supreme Court. (Exhibit F, to Motion.) The California Supreme Court denied the petition with citations to In re Swain, 34 Cal.2d 300, 304 (1949), and People v. Duvall, 9 Cal.4th

1

464, 474 (1995). (Exhibit G, to Motion.)

Petitioner filed the instant petition for writ of habeas corpus in this Court on June 17, 2008. Respondent filed the instant motion to dismiss on November 26, 2008, and Petitioner filed an opposition on December 11, 2008. (Court Docs. 25, 27.)

## DISCUSSION

A.   Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing Section 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing Section 2254 Cases. See e.g. O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

B.   Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828,

829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court." Duncan, 513 U.S. at 366, 115 S.Ct. at 888.  A general appeal to a constitutional guarantee is insufficient to present the "substance" of such a federal claim to a state court.  See Anderson v. Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an argument might be "self-evident."); Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.").

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus

3

| | |
|---|---|
| 1 | exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . . |

> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Respondent argues that Petitioner failed to exhaust his state judicial remedies because his petition to the California Supreme Court was denied for procedural reasons, namely, the failure to state adequate grounds for relief and attach supporting documentation, citing In re Swain, 34 Cal.2d 300, 304 (1949), and People v. Duvall, 9 Cal.4th 464, 474 (1995). Respondent is correct.

In re Swain articulates the procedural requirements that a California habeas petitioner allege with particularity the facts supporting his claims and explain and justify the delay in the presentation of those claims. In re Swain, 34 Cal.2d 300, 304, 209 P.2d 793 (1949). The Ninth Circuit has held that an In re Swain citation is a denial on procedural grounds, because such a deficiency, when it exists, can be cured in a renewed petition. Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986); Harris v. Superior Court, 500 F.2d 1124, 1128, (9th Cir. 1974). Further, Duvall reiterates the requirement that an application for habeas corpus "should both (i) state fully and with particularity the facts on which relief is sought, as well as (ii) include copies of reasonably available documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or declarations." Duvall, 9 Cal.4th at 474 (citations omitted).

In Kim v. Villalobos, the Ninth Circuit stated that it was "incumbent" upon the district court, in determining whether the federal standard of "fair presentation" of a claim to the state courts had been met, to independently examine the petition presented to the California Supreme Court. Kim, 799 F.2d at 1320. "The mere recitation of *In re Swain* does not preclude such

1 relief." Id.

2     In the California Supreme Court, Petitioner contended that the Board of Prison Terms hearing denied his procedural and substantive due process rights under the Fifth and Fourteenth Amendment and Equal Protection under the Fourteenth Amendment. (Exhibit F, to Motion.) Petitioner's failure to submit a copy of the Board hearing transcript along with his petition was sufficient justification for the state court to dismiss his petition under Duvall. Because Petitioner could and should have alleged his claims with greater particularity by submission of a copy of the transcript of his parole hearing, the state habeas corpus petition filed in the California Supreme Court, did not satisfy the exhaustion requirement, and the instant petition must be dismissed.[1] Coleman v. Thompson, 501 U.S. at 731 ("This Court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted state remedies as to any of his federal claims."); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001) ("Once Rice moved for dismissal, the district court was 'obliged to dismiss immediately,' as the petition contained no exhausted claims.") Therefore, the instant petition is unexhausted and must be dismissed.

15     In opposition, Petitioner requests that the Court stay the instant petition to allow him to return to state court to exhaust his claims. In Rhines v. Weber, 544 U.S. 269, 277-278 (2005), the Supreme Court held that a district court has discretion to stay a mixed petition to allow a petitioner to present his unexhausted claims to the state court in the first instance and then to return to federal court for review of his perfected petition. The Supreme Court noted that, while the procedure should be "available only in limited circumstances," it "likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 278. The basis of the ruling in Rhines was premised on the fact that the petition was "mixed" containing both exhausted and unexhausted claims.

---

[1] On January 13, 2009, Respondent confirmed that Exhibit F, attached to its motion is a complete copy of the petition filed in the California Supreme Court, which did not include any exhibits or attachments. (Court Doc. 32.)

5

1   Here, the Court is not presented with a "mixed" petition; rather, the instant petition
2 contains only unexhausted claims.  Therefore, the stay and abeyance procedure discussed in
3 <u>Rhines</u> does not apply.  In addition, the Ninth Circuit Court of Appeals pre-Rhines stay and
4 abeyance procedure is likewise not applicable for the same reason.  See <u>Robbins v. Carey</u>, 481
5 F.3d 1143, 1148 (9th Cir. 2007) (discussing the three-step-stay-and-abeyance procedure
6 applicable to "mixed" petitions.).  Accordingly, Petitioner's motion for a stay of the proceedings
7 should be denied.

## RECOMMENDATION

9   Based on the foregoing, it is HEREBY RECOMMENDED that:
10   1.  Respondent's motion to dismiss the instant petition as unexhausted be
11       GRANTED;
12   2.  Petitioner's request to stay the proceedings be DENIED; and
13   3.  The instant petition for writ of habeas corpus be DISMISSED, without prejudice.
14   This Findings and Recommendation is submitted to the assigned United States District
15 Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of
16 the Local Rules of Practice for the United States District Court, Eastern District of California.
17 Within thirty (30) days after being served with a copy, any party may file written objections with
18 the court and serve a copy on all parties.  Such a document should be captioned "Objections to
19 Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served
20 and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the
21 objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §
22 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time
23 may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th
24 Cir. 1991).
25 IT IS SO ORDERED.

26 **Dated:   January 21, 2009**          /s/ Sandra M. Snyder
                                   UNITED STATES MAGISTRATE JUDGE